UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,                           Case No. 11-CR-20178

v.                                     Hon. Stephen J. Murphy, III

MARK DAVIS,

   Defendant.

_____/

**Government's Response Opposing Defendant's Emergency Request for Subpoena (R.497)**

Defendant Mark Davis filed a supplemental reply to the government's opposition to his second request for compassionate release, alleging that the official number of inmate deaths attributable to COVID-19 by the Bureau of Prisons had been underreported. Davis also filed an emergency motion requesting that the Court issue a subpoena to FCI Milan.

As noted in the attached declaration by the Public Information Officer at FCI Milan, the official number of inmate deaths at FCI/FDC

1

Milan is accurate. The posting witnessed by the defendant and other witnesses at the facility, which is attached to the declaration, listed the COVID-19 fatalities within all Bureau of Prisons facilities as of April 8, 2020, not those fatalities related solely to FCI Milan. A subpoena to FCI Milan is thus unnecessary. Moreover, Rule 17(c) is not a permissible mechanism for which to seek any such subpoena. The motion should be denied.

## Background

On May 31, 2020, defendant filed a supplemental brief and authority in support of compassionate release, alleging that FCI Milan may be underreporting COVID-19-associated inmate fatalities at FCI Milan. (ECF No. 496). According to the filing, Davis saw a posting outside a case manager's office reporting eight total inmate deaths at FCI Milan due to COVID-19, instead of the three fatalities reported on the Bureau of Prisons' website. Defendant requested an emergency subpoena for the posted document regarding inmate deaths associated

2

with COVID-19. (R.497). Davis then filed another supplemental brief on June 1, 2020, indicating that the posting had been removed. R.499).

In the attached declaration, Daniel Clore, the Executive Assistant & Detention Center Administrator and Public Information Officer at FCI/FDC Milan, states that three press releases have been issued for each of the inmate fatalities related to COVID-19 at FCI-Milan. *See Gov't Ex. 1, Declaration of Daniel Clore,* at ¶6 (attached). Mr. Clore further states that those press releases document the only COVID-19 related inmate fatalities at FCI/FDC and that if there had been or are other COVID-19 related inmate fatalities, another press release would be issued. *Id.*

With regard to defendant's observation of a posting regarding eight inmate fatalities at FCI Milan, Mr. Clore states that an official bulletin was issued by the Director of the Bureau of Prisons on April 8, 2020, indicating that there had been eight inmate deaths related to COVID-19 within Bureau facilities as of that date. *Id. ¶4.* The communication was not related to any one facility, but all Bureau

3

facilities as of that date. *Id*. The posting was located outside of a case manager's office, and was removed on June 1, 2020. *Id*. *¶5*. This posting regarding BOP-wide inmate deaths related to COVID-19, and the timing of its removal, is consistent with the facts set forth in Davis' supplemental motion.

## Argument

Davis moves for a subpoena to be issued to FCI/FDC Milan pursuant to Rule 17(c) for the document stating that the death toll from COVID-19 is eight (8). The government has produced the document, attached to the declaration, indicating that the death toll from COVID-19 within all Bureau facilities was eight (8) as of April 8, 2020.

Rule 17 is a procedural rule for use during trial preparation, providing for the production of "any books, papers, documents, data, or other objects the subpoena designates." A defendant cannot use a Rule 17(c) subpoena to obtain materials to which he is not entitled under *Brady*, the Jencks Act, or Rule 16. *United States v. Nixon*, 418 U.S. 683, 698-99 (1974) ("courts must be careful that Rule 17(c) is not turned into

4

a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16"); *United States v. Llanez-Garcia*, 735 F.3d 483, 494 (6th Cir. 2013) ("The Supreme Court has cautioned . . . that Rule 17(c) is not meant to provide an additional way to secure pretrial discovery."). In addition, at least one circuit has held that Rule 17 does not apply in post-conviction proceedings. *United States v. Chew*, 284 F.3d 468, 470 (3d Cir. 2002).

Even if the Court were to find that Rule 17(c) should apply in a post-conviction matter, defendant's request cannot meet the criteria set forth by the Supreme Court for issuance of such a subpoena. In order to "contain the danger that criminal defendants might misuse Rule 17(c) to expand the scope of discovery," the Supreme Court has stated that four requirements must be met before a Rule 17(c) subpoena can issue. *Llanez-Garcia*, 735 F.3d at 494. These requirements are: (1) the materials must be evidentiary and relevant, (2) the materials may not be otherwise procurable through due diligence prior to trial, (3) the requesting party must be unable to properly prepare for trial without

5

such pre-trial production and inspection, and (4) the application for the subpoena must be in good faith and not amount to a "fishing expedition." *Nixon*, 418 U.S. at 699. However, "where, as here, the defendant seeks material from the government," these four factors "must be construed narrowly so as to avoid the use of Rule 17 as an end-run around the limitations of Rule 16." *United States v. Reid*, 2011 WL 5075661, *3 (E.D. Mich. 2011) (Roberts, J.).

Even if a Rule 17(c) subpoena were available in a post-sentencing matter, it is unnecessary. The attached declaration confirms the official inmate death count related to COVID-19 at FCI/FDC Milan. It also sets forth details regarding the posting witnessed by Davis, in addition to attaching the requested posting.

6

## Conclusion

Davis's motion for a subpoena and second emergency motion for release should be denied.

                                              Respectfully submitted,

                                              MATTHEW SCHNEIDER
                                              United States Attorney

                                              *s/Mark Chasteen*
                                              Mark Chasteen
                                              Assistant United States Attorney
                                              211 W. Fort St., Suite 2001
                                              Detroit, MI  48226
                                              (313) 226-9555
                                              Mark.chasteen@usdoj.gov

Dated: June 3, 2020

## **CERTIFICATE OF SERVICE**

      I certify that on June 3, 2020, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the ECF system which will send notification of such filing to the following:

Wade Fink
Attorney for the Defendant

*s/Mark Chasteen*
Mark Chasteen
Assistant United States Attorney

8