UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

v.

MARK ANTOINE DAVIS,

               Defendant.

_____/

Case No. 2:11-cr-20178-04

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING DEFENDANT'S
EMPHASIS EMERGENCY MOTION TO REDUCE SENTENCE [492]**

On April 24, 2020, Defendant Mark Antoine Davis filed an emergency motion
for release pursuant to the First Step Act's compassionate release provision, 18 U.S.C.
§ 3582. ECF 484. The Court denied the motion because Defendant had failed to satisfy
the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A). ECF 491. On May 19,
2020, after his request to the Bureau of Prisons ("BOP") was exhausted, he filed a
second emergency motion for compassionate release and again rested his motion on
concerns about the COVID-19 pandemic. ECF 492. Defendant represented that he is
particularly susceptible to COVID-19 because he suffers from chronic asthma and
obesity and that the facility in which he is incarcerated, FCI Milan, has been affected
by the virus. *Id.* at 5139–40. The Government opposed Defendant's request. ECF 494.

For compassionate release, Defendant must demonstrate that "extraordinary
and compelling reasons" exist to warrant a reduction in sentence. 18 U.S.C. § 3582(c).
Section 1B1.13 of the Sentencing Guidelines provides some guidance about what
constitutes "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. Those reasons

1

are classified in four categories: (1) Defendant's medical condition; (2) Defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three elements. *Id.* at cmt. n.1(A)–(D).

Here, Defendant has not demonstrated that extraordinary and compelling reasons exist to warrant his release from FCI Milan. Defendant is 41 years old and argued that he suffers from asthma and obesity. ECF 492, PgID 5147, 5153. But his medical records indicated that he "grew out of" his childhood asthma, and his BMI is only 30. ECF 488, PgID 5069 (under seal); ECF 492, PgID 5151. As such, none of Defendant's listed conditions categorize him as high risk. *See Groups at Higher Risk from Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html.

Further, an asthma diagnosis alone, particularly one that is not severe, is insufficient to warrant early release under the compassionate release standard. And Defendant is 24 years younger than the CDC's classification of adults who are at a higher risk of COVID-19 complications. Compassionate release is only proper "upon a finding of numerous and severe medical conditions that place [Defendant] at a significantly higher risk for severe illness from COVID-19." *United States v. Alzand*, No. 18-cr-20703, 2020 WL 2781824, at *3 (E.D. Mich. May 29, 2020) (collecting cases). Defendant has not presented extraordinary and compelling circumstances that warrant his early release at this time. The Court will therefore deny the motion.

In the alternative, Defendant requested that the Court order that he be placed on home confinement. ECF 492, PgID 5140. But following judgment, the specifics

2

relating to how Defendant serves his sentence is out of the Court's jurisdiction and left to the Bureau of Prisons ("BOP"). The authority to place a prisoner on home confinement is squarely allocated to the BOP. 18 U.S.C. § 3624(c). And although the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") "lengthen[s] the maximum amount of time for which [the BOP] is authorized to place a prisoner in home confinement" under § 3624(c)(2), it does not alter who has the authority to make that determination. CARES Act § 12003(b)(2) (enacted Mar. 27, 2020). Defendant's request is therefore not properly before the Court and should be addressed to the BOP.

The BOP is taking steps to "assess[] its entire prison population to determine which inmates face the most risk from [COVID-19], pose the least danger to public safety, and can safely be granted home confinement." *See* ECF 494, PgID 5299. And as the entity that has seen its inmates' behavior during their confinement firsthand and that is present in the prisons to see how the COVID-19 pandemic is progressing and affecting each facility on a day-to-day basis, the BOP is better situated to make those determinations.

Furthermore, Defendant is not a proper candidate for home confinement. The CARES Act does not provide guidance on determining who may be placed on home confinement, but the Attorney General issued a memorandum that outlined factors to consider, including the "age and vulnerability of the inmate to COVID-19," whether home confinement would increase or decrease the inmate's risk of contracting COVID-19, and public safety. Memorandum from William Barr, Attorney Gen., U.S.

Dep't of Justice, on Department Policy on Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic (Mar. 26, 2020), https://www.bop. gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf.

Here, as mentioned above, Defendant is only 41 years and has no medical conditions that place him at high risk. And Defendant is vulnerable to exposure to COVID-19 both inside and outside prison—and may even be safer within FCI Milan than under home confinement in Georgia. The BOP has implemented a series of actions to combat exposure to and the spread of COVID-19, including prohibiting outside visitors into the facility, suspending inmate movement, screening inmates and staff, and providing additional staff training. *See BOP Implementing Modified Operations*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ covid19_status.jsp. Finally, Defendant's criminal history indicates that he poses a danger to the community if released prior to serving his entire sentence. The factors therefore weigh against permitting Defendant to serve the remainder of his sentence on home confinement.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's emergency motion to reduce sentence [492] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 9, 2020

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 9, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager